KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

SIMON KLEVANSKY               3217-0
ALIKA L. PIPER                  6949-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com;
apiper@kplawhawaii.com

Attorneys for Trustee Dane S. Field

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| In re<br><br>ROLLOFFS HAWAII, LLC,<br><br>               Debtor. | Case No. 16-01294<br>(Chapter 11)<br><br>**TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7; DECLARATION OF DANE S. FIELD** |

**TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE
TO A CASE UNDER CHAPTER 7**

Chapter 11 Trustee Dane S. Field (the "Trustee"), the duly appointed bankruptcy trustee of the estate of Rolloffs Hawaii, LLC (the "Debtor"), by and through his attorneys, hereby moves the Court for an order converting this Chapter 11 case to a case under Chapter 7.

## Background

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. On December 9. 2016, the Debtor filed a voluntary Chapter 11 bankruptcy petition. On January 17, 2017, the Court entered an order approving the appointment of the Trustee as the bankruptcy trustee of the Debtor's estate.

3. Upon his appointment, the Trustee managed the Debtor's business operations until February 1, 2017, at which time, the Trustee ceased business operations.

4. By order entered on January 19, 2017 [Dkt. No 110], the Court approved the sale of certain of the Debtor's assets to West Oahu Aggregate Co., Inc. ("WOA"), pursuant to the terms of an Asset Purchase Agreement (the "APA").

5. As set forth in the APA, WOA purchased the Debtor's equipment, inventory, vehicles, intellectual property rights, business contracts, and various other assets of the Debtor (the "Acquired Assets").

6. The sale did <u>not</u> include certain assets (the "Excluded Assets"), which are, among other things, the estate's interest in certain claims relating to

U.S. Bankruptcy Court - Hawaii   #16-01294   Dkt # 267   Filed 09/05/17   Page 2 of 7

assets and liabilities other than the Acquired Assets, cash and cash equivalents of the estate, and bank accounts.

7. No creditors committee has been appointed, and no plan of reorganization has been proposed.

8. The major remaining tasks include collection of the remaining receivables and investigating, filing and prosecuting various preference and avoidance claims and other claims retained by the Trustee, and liquidating all other Excluded Assets.

## Relief Requested

9. By this Motion, the Trustee seeks entry of an order under 11 U.S.C. §1112(b) converting this case to a Chapter 7 proceeding.

## Basis for Relief

10. Pursuant to 11 U.S.C. § 1112(b),

> [O]n request of a party in interest, and after notice and a hearing . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11. Once the Court determines that cause exists, the Court has wide discretion based on the best interests of the creditors and the Estate to determine whether to dismiss the case or convert the case to a chapter 7 case.

12. In addition, the court must convert or dismiss the case for cause shown unless the provisions of §1112(b)(2) apply. Section 1112(b)(2) provides that, absent unusual circumstances, the Court may not convert or dismiss the case if the following criteria are satisfied:

(1) there is a reasonable likelihood that a plan will be confirmed within the timeframes specified in the subsection;

(2) the grounds for converting or dismissing the case include an act or omission by the debtor other than substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and

(3) there exists a reasonable justification for the act or omission demonstrating cause to dismiss the case and the act or omission will be cured within a reasonable time fixed by the Court.

13. In this case, no section 1112(b)(2) factors exists.

14. The Trustee has sold substantially all of the Debtor's assets to WOA (except for the Excluded Assets), and there is no prospect that a plan of reorganization will be or should be proposed.

15. It is in the best interests of the creditors and the estate that this case be converted to a Chapter 7. The administrative expense of maintaining a Chapter 11 case is not justified.

16. If the case is converted to a Chapter 7, the Trustee can investigate, file and prosecute any and all of the estate's claims retained by the

Trustee, and liquidate all other Excluded Assets, without the added administrative tasks and expenses required in a Chapter 11 proceeding.

17. As set forth in the attached declaration of the Trustee, the Trustee believes conversion of the case to a Chapter 7 proceeding is in the best interests of the creditors and the estate.

For all the foregoing reasons, the Trustee respectfully requests that the Court enter an order converting the case to a Chapter 7 proceeding.

DATED: Honolulu, Hawaii, September 5, 2017.

/s/ Alika L. Piper
SIMON KLEVANSKY
ALIKA L. PIPER
Attorneys for Trustee
Dane S. Field

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROLLOFFS HAWAII, LLC,<br><br>Debtor. | Case No.<br>(Chapter 11)<br><br>**DECLARATION OF DANE S. FIELD** |

# **DECLARATION OF DANE S. FIELD**

DANE S. FIELD declares, under penalty of perjury, that:

1. I am the duly appointed bankruptcy trustee of the estate of Rolloffs Hawaii, LLC (the "Debtor").

2. I make this declaration in support of the Trustee's Motion to Convert Chapter 11 Case to a Case Under Chapter 7.

3. Except as otherwise stated, the following statements are based on my personal knowledge and a review of certain records of this case.

4. No creditors committee has been appointed, and no plan of reorganization has been proposed.

5. The major remaining tasks include collection of the remaining receivables and investigating, filing and prosecuting various preference and avoidance claims and other claims which were not part of the sale of assets to

WOA and liquidating all other assets that were excluded from the sale (collectively the "Excluded Assets").

6. No section 1112(b)(2) factors exist because there is no reasonable likelihood that a plan of reorganization will be confirmed, and the grounds for converting the case do not include any act or omission by the debtor other than substantial or continuing loss to or diminution of the Estate and the absence of a reasonable likelihood of rehabilitation.

7. The administrative expense of maintaining a Chapter 11 case is not justified.

8. If the case is converted to a Chapter 7, I can investigate, file and prosecute any and all of the estate's retained claims, and liquidate all other Excluded Assets, without the added administrative tasks and expenses required in a Chapter 11 proceeding.

9. I believe it is in the best interests of the creditors and the estate that this case be converted to a Chapter 7.

I, Dane S. Field, do declare that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: Honolulu, Hawaii, September 5, 2017.

/s/ Dane S. Field
DANE S. FIELD

100640_2.docx     - 2 -
U.S. Bankruptcy Court - Hawaii   #16-01294   Dkt # 267   Filed  09/05/17   Page 7 of 7