| | |
|---|---|
| H3007 (12/17) Filer's Name, Address, Phone, email:<br>CASE LOMBARDI & PETTIT, A LAW CORPORATION<br>TED N. PETTIT  4287-0     Email:  tnp@caselombardi.com<br>ELLEN A. SWICK  10514-0 Email:  eas@caselombardi.com<br>737 Bishop Street, Suite 2600, Honolulu, Hawaii  96813<br>Tel. No.: (808) 547-5400  |  Fax No.: (808) 523-1888<br>Attorneys for Defendant KRISTIAN GOURLAY and KNG GROUP, LLC | **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF HAWAII**<br> |
| Debtor(s): *[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]*<br>ROLLOFFS HAWAII, LLC AKA THE KNG GROUP AKA HAWAII PACIFIC HYDRAULICS | |
| Address:<br>P.O. BOX 30046<br>HONOLULU, HI 96820 | Case No.: 16-01294<br>Chapter: 7<br>Hearing Date: To be set<br>          Time: To be set |
| Last 4 digits of SSN/ITN:<br>Employer's Tax ID (EIN) No. *(if any)*: 94-3473545 | Response due *[7 days before hearing date]*:<br>To be set |

### OBJECTION TO CLAIM NO.   15-2

Objecting Party:  Defendant KRISTIAN GOURLAY

### NOTICE OF OBJECTION TO CLAIM (Official Form 420B)

To *[Claimant name/address]*:

DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

An objection to your claim is being filed in this bankruptcy case. **Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before **7 days** before the hearing date, you or your lawyer must file with the court a written response to the objection, explaining your position, at the United States Bankruptcy Court, District of Hawaii, 1132 Bishop Street, Suite 250, Honolulu, HI 96813.

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also send a copy to the objecting party at the filer's address noted above.

Attend the hearing on the objection, scheduled to be held on the date and time indicated above.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim and may cancel the hearing. If the hearing is canceled, the court may reduce, modify, or eliminate your claim if the objecting party promptly files a declaration and request for entry of an order [local form hib_9021-1]. If the objecting party wishes to proceed with a hearing in the absence of a response, the objecting party may file a request for the matter to remain on calendar.

# OBJECTION TO CLAIM NO. __15-2__

Claimant name: DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE

| Column A. Amounts asserted in proof of claim: | | Column B. Objecting party asserts claim should be: | |
|---|---|---|---|
| Total amount of claim: (*Proof of claim – Box 7*) | 100,208.32 | Total amount of claim: | 0.00 |
| Amount of claim that is secured: (*Proof of claim – Box 9*) | 0.00 | Amount of claim that is secured: | 0.00 |
| Amount of claim that is unsecured: (*Proof of claim – Box 7 less Box 9*) | 100,208.32 | Amount of claim that is unsecured: | 0.00 |
| Unsecured amount entitled to priority: (*Proof of claim – Box 12*) | 68,225.32 | Unsecured amount entitled to priority under 11 U.S.C. § 507(a): | 0.00 |

The Objecting Party objects to this claim as filed and that the claim should be treated as described in Column B above or as described below, for the following reason(s). *[Attach additional pages, declarations, or exhibits as necessary.]*

☑ Disallowed in its entirety.

☐ Treated as follows:

Kristian Gourlay ("Gourlay"), Defendant in the Adversary Proceeding No. 18-90035 in this matter, files this objection to Claim 15-2 filed by the Department of the Treasury - Internal Revenue Service ("IRS" or "Claimant") and seeks entry of an order disallowing and expunging the IRS's Claim pursuant to Section 502(a) of Title 11 of the United States Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

Claim 15-2 should be disallowed based upon the evidence in the record, namely: (1) the Declaration of Mike Vandyken ("Vandyken Dec."), former Controller for Debtor, filed as Exhibit 1 to the Declaration of Brett R. Tobin as Dkt. #192, filed July 31, 2020; and (2) the Declaration of Penny K. Hays (Hays Dec.), Bankruptcy Specialist with the IRS, filed on August 7, 2020 under Dkt. # 196-4. True and correct copies of the Declaration of Brett R. Tobin which includes the Vandyken Dec. as its Exhibit 1 and the Hays Dec. are attached hereto as Exhibits "1" and "2," respectively.

It is clear from the records in this case that Claimant and Debtor Rolloffs Hawaii, LLC ("Debtor") take polarly opposite positions on the validity of Claim 15-2, and Claimant has not, to date, provided sufficient documentation substantiating its claim. Mr. Vandyken's Declaration which outlines Debtor's communications with Claimant over a period of two years (2014-2016) indicates that communications, including a reconciliation of the 2010 WT-FICA Taxes for Debtor, produced only an "immaterial difference," and that no WT-FICA Tax was or is owed by Debtor. Dkt. 192, p. 18, par. 4. Conversely, Ms. Hays' Declaration alleges that the total amount of $100,208.32 is due and owing based on "files and transcripts of the account regularly maintained in the IRS's records relating to Rollofs Hawaii LLC," that the Claim is "...based on returns filed by the debtor and adjustments done for correspondence received," that the IRS claim is "...estimated, in part, due to unfiled federal partnership returns (Form 1065) for tax years 2010-2013 at the time the IRS Claim was prepared..." (Dkt. 196-4, pp. 25-26), but provides no basis for her statements, including any of the documents referenced in her Declaration. In fact, Ms. Hays' Declaration, instead of substantiating the claim with any corroborating evidence, oddly states that there is "...not enough evidence to prove that the adjustments are incomplete or incorrect." Id. at p. 26.

For the foregoing reasons, the IRS Claim 15-2 should be disallowed and expunged.

Date: August 27, 2020

/s/ Ted N. Pettit
*[Print name and sign]*